**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA
    Plaintiff

    v.

JESUS LOPEZ PANTOJAS
    Defendant.

Criminal No. 07-175 (ADC)

## OPINION  AND  ORDER

**I.**    **Factual and Procedural Background**

    **A.  The Facts**

On March 23, 2007, a telephone call and tip was received by the Interim Director at the Bayamón Illegal Weapons Division.  The caller reported that at Boulevard del Rio Complex, Apartment 126A, located in the Santa Rosa III Ward within the Municipality of Guaynabo, Puerto Rico, an individual, known as "Daniel" was using the apartment for the storage and distribution of weapons and controlled substances.

"Daniel" was described as someone with "light skin, stocky, 35 to 40 years of age" that drove a "light red, Dodge Ram pick-up, license plate 793-112 and a gray, Mitsubishi Diamante, license plate BRF-155." **(Docket No. 40, Attachment 1).**

On that same date, the information received was transferred to Puerto Rico Police Agent William Rosario,(hereafter "Agent Rosario") Badge No. 22148, whose job was "to perform undercover and confidential investigations related to the trafficking of controlled substances and illegal firearms". (*Id*).

Criminal No. 07-175 (ADC)                                                                           Page 2

Hours later, on March 23, 2007, Agent Rosario verified the address and location of the premises described by the informant and along with a fellow agent, [1] while driving an unmarked confidential vehicle, drove and parked within the parking lot assigned to the housing project.[2]   Both agents were able to verify the apartment's location, corroborated its number and observed the Ram-Pickup, license plate 793-112 parked in front of the apartment.

At approximately 8:00 a.m. on March 24, 2007, surveillance of the premises was initiated.[3]   This time Agent Rosario parked his vehicle in such a way that he had full visibility of the front area of the apartment.   At the time the Doge-Ram was not there, but arrived at approximately 10:15 a.m.   Agent Rosario was able to observe the driver, who met the exact physical characteristics mentioned by the tipster.   The individual while under surveillance, walked behind the pick-up truck, opened the passenger's door and pulled out a big black bag.   Seconds later, the individual was seen while taking out of the Dodge Ram and placing within the black bag; " a pistol type firearm", "a black short rifle" and "two gray packages wrapped in a block style manner that by the way they were wrapped, he understood by his experience, that this was approximately two kilos of cocaine". (Id.)  The individual walked into Apartment 126A.

---

[1] This agent is identified as "Agent Meléndez".

[2] Reportedly, the neighborhood is one with controlled access.  It appears from Agent Rosario's sworn statement that access was allowed by the security guard at the security post.

[3] On this day the agents identified themselves to the security guard at the complex who once again, allowed access.

Two days later, on March 26, 2007 at approximately 11:30 a.m., Agent Rosario initiated surveillance of Apartment 126A.  The agent's vehicle was parked allowing visibility of the front entrance of Apartment 126A.  Approximately at 1:00 p.m. a "dark skin individual, with short black hair, stocky, short, wearing blue jeans and a gray shirt" walked into the apartment.  This individual left Apartment 126A around 3:15 p.m. carrying " a big rag paper bag in his right hand", which he placed in the trunk of a gray, "Mitsubishi Diamante, license plate BRF-155".  The individual drove away towards Road 177, in the vicinity of Guaynabo, turned into the highway towards San Juan and arrived "at the last entrance of the Vista Hermosa Public Housing" where he finally entered and met with several individuals, to whom the paper bag was given.  During all this time, Agent Rosario followed the Mitsubishi Diamante and was able to observe  the contents of the paper bag while it was being examined.  Inside there were "two transparent, medium size bags, which contained an unknown amount of small transparent plastic bags with something white inside" (Id.).  Surveillance was discontinued at this point.

The record reflects that on March 28, 2007, Agent Rosario submitted three identical affidavits in support of an application to search Apartment 126A[4], the Doge Ram Pick-up[5] and the Mitsubishi Diamante[6].  Upon a finding of probable cause, authorization to search these premises was provided by a state judicial officer.

---

[4] Affidavit No. 704.

[5] Affidavit No. 705.

[6] Affidavit No. 703.

On March 29, 2007, based on the results of the search, a two count complaint was filed before this Court, charging defendant Jesús López-Pantojas with violations to Title 21 U.S.C. § 841 (a)(1) and (b)(1)(a) (illegal possession with intent to distribute approximately 3 kilos of cocaine - a controlled substance) and Title 18 U.S.C. § 924 (c)(2): (possession of a weapon in furtherance of a drug trafficking crime). **(Docket No. 1)**   In support of the complaint, Task Force Agent Pedro Pérez (hereafter "TFA Pérez") submitted an affidavit in which the chronological sequence of events described by Agent Rosario were reinstated. In addition, Task Force Agent Pérez states that during the search of Apartment  126A, the only individual there  was defendant Jesús López Pantojas, whose middle name is "Daniel". During the search, Puerto Rico Police Officers seized approximately 3 kilograms of cocaine that when field tested, yielded positive to cocaine. (Id.)

Consistent therewith, a two count true bill was issued by the Grand Jury on April 19, 2007. **(Docket No. 17)**.

### B. Defendant's Motion to Suppress

On September 14, 2007, defendant moved to suppress the evidence seized at Apartment 126A. **(Docket No. 38)**.  In doing so, defendant in essence alleges:

a)    That the affidavit in support of the search warrant, subscribed by Agent Rosario is deficient inasmuch as, there is no indication of the informant's reliability (*Id* at p. 2) 4 § at pp. 1 (a)(b).

Criminal No. 07-175 (ADC)                                                    Page 5

b)     There was no independent police investigation to corroborate the informant's tip, (*Id*. at p. 4) pp (d)

c)     Both, Agent Rosario as the affiant and the informant, lacked personal knowledge to subscribe the affidavit (p. 4, pp (e))

d)     Absence of probable cause to issue a search warrant. (*Id*. at p. 4 pp. g)

In support, defendant submitted an affidavit signed by Reinaldo Calderón, Administrator and Security Program Investigator.  It is asserted that based on the investigation he carried out, Mr. Reinaldo Calderón was able to ascertain, through entrance logs at Boulevard del Rio Apartment Project, that Puerto Rico Police agents had actually visited the neighborhood .  The logs show that on March 24, 2007, there are two entries that do verify that two police officers arrived and gained entrances at the premises.  The log's entries provide the arrival time, the agents' names and also corroborates the license plates of the vehicle being driven by Agents Rosario and Meléndez.  Mr. Calderón also asserts that based upon his observations, the agents could not have had opportunity to see the entrance of Apartment 126A, more so, if a vehicle like the Dodge-Ram was parked in front.

While not clear, it appears this affidavit is intended to establish that on March 26, 2007, Agent Rosario might have gained access, without authorization, into the residential complex.   While not asserted by defendant, these interpretations appears to be the more plausible explanation for defendant's allegation that "the access inside a private property is a violation to the expectation of privacy to the owners" (**Docket No. 38 at p. 2**).

Defendant did not submit copy of the search warrants being challenged nor requested an evidentiary hearing nor proffered evidence contradicting the contents of Agent Rosario's affidavits.

The government opposed defendant's motions on September 15, 2007. (**Docket No. 40**). The government submitted copies of the three search warrants and asserts that being defendants pleading factually inaccurate, no evidentiary hearing is warranted. The matter was referred for Report and Recommendation to a Magistrate Judge. (**Docket No. 42**).

### C.  Report and Recommendation

The Magistrate-Judge upon determining that defendant had not met the requirements making an evidentiary hearing warranted (*See*: *Franks v. Delaware*, 438 U.S. 171-72 and *United States v. Ranney*, 298 F. 3d 74, 78 (1st Cir. 2002) concluded that defendant had failed to show:

a) That except for the arguments of counsel, there was lack of independent corroboration of the information provided by the tipster.[7]

b) There was no false or deliberately misleading information within Agent Rosario's affidavit.

c) The agents failure to provide the description of the individuals to whom the paper bag with the smaller plastic bags was delivered, is inconsequential to the probable cause determination and the resulting search.[8]

d) The affidavit in support of the search warrant application is presumed valid,

---

[7] *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir.1993)

[8] *United States v. Grant*, 218 F.3d 72,76 (1st Cir. 2000) (probable cause need not be tantamount to proof beyond reasonable doubt, probability is the touchstone).

e)  The only alleged deficiency within Agent Rosario's affidavit consists of Mr. Calderón's assertion bringing into question whether it was feasible for Agent Rosario, to observe Apartment 126A.  However, there is no evidence and there is not the slightest indication on how Calderón reached said conclusion, where was he standing at the time he was doing such observations or what points of reference, within Agent Rosario's statements, did he use to so conclude.  As such, "the investigator's statements do not contradict (Agent Rosario's) summary of observations during the surveillance nor is it specific enough to establish or bring into question the allegations and statements of Agent Rosario. **(Docket No. 45, at p. 14)**

f)  The examination of probable cause at Federal level is premised on Federal Law.[9]

g) The inquiry into the reliability of the informant must be made under the totality of circumstances standard.   In the case at bar, the informant provided the suspect's general physical characteristics, location of the residence, description of and license plate of the vehicles driven by the suspect and the suspect's name (Daniel).  All of these events and data were corroborated, independently, by Agent Rosario and Meléndez's surveillance.[10]

h) Defendant's investigation of the case, corroborates the fact that police agents visited defendant's living complex on (March 24, 2007) the day asserted in Agent Rosario's affidavit.  It is clear from Agent Rosario's affidavit that the surveillance was conducted outside Apartment 126A, in an open area, readily accessible to the public, nearby the

---

[9] Defendant argues, without analysis, that Puerto Rico Police did not comply with Puerto Rico Rule of Criminal Procedure 234 (b)(f).  Being this a bold, general and unsupported allegation, the same does not require further analysis.

[10] *United States v. Scalia*, 993 F.2d 984,87-88 (1st Cir. 1993), *United States v. Brown*, ---F.3d---, 2007 WL 2377302 (1st Cir. 2007)

parking area.  Thus, in areas in which the public and others, have access, a party possesses

no reasonable expectation of privacy.[11]

The record reflects that although properly on notice, defendant has not challenged

the Magistrate-Judge's conclusions of fact or law, nor has he challenged the Magistrate-

Judge's recommendation for denial of the motion to suppress.

## II.    Standard of Review

A District Court may refer pending motions to a Magistrate-Judge for a Report and

Recommendation.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Rule 72(a).  Any

party adversely affected by the recommendation issued may file written objections within

ten days of being served with the Report and Recommendation.  *See* 28 U.S.C. §636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions

of the report or specified proposed findings or recommendations to which specific objection

is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp.2d 189, 191-92 (D.P.R. 2005) (citing *United*

*States v. Raddatz*, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule may preclude

further review by the district court and the court of appeals.  *See Santiago v. Cannon U.S.A.*

*Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992).

Similarly, a party objecting to a report and recommendation is "not entitled to a de novo

review of an argument never raised" before the magistrate-judge.  *Borden v. Sec. of Health*

*and Human Svcs.*, 836 F.2d 4,6 (1st Cir. 1987).

---

[11]*United States v. Brown*, supra; *Riverdale Mills Corp. v. Pimpare*, 392 F.3d 55, 64 (1st Cir. 2004), *United States v. Paradis,* 351 F.3d 21 (1st Cir. 2003) (No privacy expectation on common areas of multi-family building).  *United States v. Hawkins*, 139 F.3d 29,32 (1st Cir. 1998)  *United States v. Nohara*, 3 F.3d 1239, 1242 (9th Cir. 1993) (joining the First, Second and Eight Circuit in holding that an apartment dweller has no reasonable expectation of privacy on common areas of a building).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. §636 (a)(b)(1).  *See Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp.2d 144, 146 (D.P.R. 2003). Hence, the Court may accept those parts of the report and recommendation to which the plaintiff does not object.  *See Hernández-Mejías v. General Elec.,* 428 F. Supp.2 d 4,6 (D. P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp.2d 114,125-126 (D.R.I. 2004)).

## III.   Conclusion

Having examined defendant López-Pantojas' allegations **(Docket No. 38),** the government's evidence and motion in opposition **(Docket No. 40)**, the Magistrate-Judge Report and Recommendation  **(Docket No. 45)** and the affidavits subscribed by Agent Rosario, this Court concludes, that defendant has failed to meet his burden of demonstrating lack of probable cause or a Fourth Amendment violation.  Accordingly, the Report and Recommendation is adopted and defendant's Motion to Suppress is **DENIED**.

**SO ORDERED.**

At San Juan, Puerto Rico, this 4th day of February, 2008.

S/**AIDA M. DELGADO-COLON**
**United States District Judge**